**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE FELTY, JR., | ) | |
| REGGINALD BUTLER, | ) | |
| MICHAEL FITCH, | ) | |
| JAMES MACNEES, | ) | |
| SHAUN PHILLIPS, and | ) | |
| HAROLD DUGGER, | ) | |
| on behalf of plaintiffs and the class members | ) | 1:13-cv-02818 |
| defined herein, | ) | |
| | ) | |
| Plaintiffs, | ) | Judge Charles P. Kocoras |
| | ) | Mag. Judge Susan Cox |
| vs. | ) | |
| | ) | |
| DRIVER SOLUTIONS, LLC; | ) | |
| C&S ACQUISITION, INC., doing business as | ) | |
| C 1 PROFESSIONAL TRAINING CENTER, | ) | |
| C1 TRUCK DRIVER TRAINING, LLC; | ) | |
| BRIAN K. ALSIP; GARRETT J. LOWE; | ) | |
| and PYRAMID  FINANCIAL | ) | |
| SOLUTIONS, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT  – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiffs  George Felty, Jr., Regginald Butler, Michael Fitch, James MacNees,

Shaun Phillips and Harold Dugger bring this action to secure redress from unlawful credit and

collection practices engaged in by defendants Driver Solutions, LLC; C&S Acquisition, Inc.,

doing business as C1 Professional Training Center ("C1"); C1 Truck Driver Training, LLC

("C1TDT");  Brian K. Alsip ("Alsip"); Garrett J. Lowe ("Lowe"); and Pyramid Financial

Solutions, LLC.

2.      Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq. ("FDCPA"), and state law.

**VENUE AND JURISDICTION**

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331,

28 U.S.C. §1332(d), 28 U.S.C. §1337, and 28 U.S.C. §1367.

4. Several of the plaintiffs and many class members are of diverse citizenship to some of the defendants.

5. The amount in controversy, on a classwide basis, exceeds $5 million, exclusive of interest and costs.

6. Venue and personal jurisdiction in this District are proper because defendants' collection activities were directed against persons residing in this District.

## PARTIES

### Plaintiffs

7. Plaintiff George Felty, Jr. is an individual who resides in Justice, Illinois.

8. Plaintiff Regginald Butler is an individual who resides in Park Forest, Illinois.

9. Plaintiff Michael Fitch is an individual who resides in Wonder Lake, Illinois.

10. Plaintiff James MacNees is an individual who resides in Beloit, Wisconsin.

11. Plaintiff Shaun Phillips is an individual who resides in Naperville, Illinois.

12. Plaintiff Harold Dugger is an individual who resides in Toledo, Ohio.

13. At no time relevant to this action did any of the plaintiffs reside in Marion County, Indiana (the county encompassing Indianapolis).

### Driver Solutions

14. Defendant Driver Solutions, LLC is a limited liability company chartered under Indiana law with offices at 3603 E. Raymond Street, Indianapolis, Indiana 46203. Its registered agent is Scott Sutton at that address. Sutton is also a manager. Mr. Mark Kinsel holds the office of President and Mr. Mike Benkert that of Chief Executive Officer.

15. Driver Solutions, LLC advertises that it provides free Commercial Drivers License ("CDL") training for persons without prior truck driving experience:

> If you're considering a career as a professional truck driver, let Driver Solutions make the decision easier with our truck driver training opportunity. We'll put you in a new, great-paying driving career in about 3 weeks with our exclusive company paid CDL training program. In fact, the trucking company that hires you will sponsor your truck driver training and cover the upfront tuition costs, regardless of your past credit history. We're not a truck driving school, but a career management company that provides the

best entry level trucking positions available. New truck drivers straight out of our truck driving school program can earn up to $40,000 during the first year.

(http://www.greatcdltraining.com/default.aspx)

16.     Driver Solutions, LLC further advertises:

We've made our CDL training program hassle-free. Driver Solutions takes care of all the hard work, including how to afford truck driving school tuition and how to find a trucking job when you finish school. We've identified trucking companies offering great paying jobs to new truck drivers. And these trucking companies have agreed to sponsor the tuition costs to attend an approved truck driving school. Unlike a typical truck driver school, you won't have to bother with completing student loan applications, finding a co-signer or paying a large tuition down payment. That's because the Driver Solutions Network brings together respected trucking companies willing to cover cdl training costs with quality truck driving schools. The end result is you get the CDL training you need and a great opportunity to start your new career. It's a win-win situation that has helped over 20,000 new drivers realize their dreams.

(http://www.greatcdltraining.com/driver-solutions-program)

17.     In fact, plaintiffs and other students are required to sign notes payable to Driver Solutions, LLC, for the full amount of tuition and related expenses, which note promises forgiveness of the debt if the student is employed as a truck driver for one year, so that the trucking company pays the debt.

18.     Examples of the standard form note and enrollment agreement used by Driver Solutions, LLC are attached as Exhibits A and B, respectively.

19.     Thousands of students – a large proportion of those attending  – do not successfully complete the course or fail to complete the year's employment.

20.     The contract does not require that the student be at fault in not completing the course or not completing the year's employment.

21.     All of the students that do not successfully complete the course or fail to complete the year's employment are sued on the notes in a Township Small Claims Court in Marion County, Indiana, even if they do not reside in Marion County and did not sign any contract in Marion County.

## C1

22.     Defendant C1 is an Indiana corporation with offices at 3603 E. Raymond Street,

3

Indianapolis, Indiana 46203.  Its registered agent is Scott Sutton at that address.  Sutton is also an officer of C1.  Mr. Michael Benkert, CEO of Driver Solutions, LLC, is also an officer of C1, sometimes using the title "Chief Financial Officer."

23.     Defendant C1 contracts to provide commercial driver training on terms and under circumstances similar to those of Driver Solutions, LLC.

24.     Examples of the standard form note and enrollment agreement used by C1 are attached as Exhibits C and D, respectively.  They are similar to those used by Driver Solutions, LLC.  The payee, "C 1 Professional Training Center," is an assumed name used by C&S Acquisition, Inc., referred to herein as C1.

25.     As set forth below, the collection practices employed by Driver Solutions, LLC and C1 are identical, and in fact Driver Solutions, LLC files lawsuits on contracts entered into by C1.

## C1TDT

26.     Defendant C1TDT  is a limited liability company chartered under Indiana law with offices at 3603 E. Raymond Street, Indianapolis, Indiana 46203.  Its registered agent and manager  is Scott Sutton at that address.   Mr. Michael Benkert, CEO of Driver Solutions, LLC, signed the articles of organization.

27.     According to defendants, C1TDT is involved in the advertising and provision of commercial driver training to plaintiffs and the members of the classes.

28.     C1TDT maintains a  web site that links to that of Driver Solutions and states that "We've partnered with Driver Solutions to provide the best sponsored CDL training opportunities."  (http://www.c1training.com)

29.     C1TDT's web site states that "C1 Truck Driver Training is a name under which C1 Truck Driver Training, LLC, an Indiana corporation with its principal place of business at 3603 E Raymond Street, Indianapolis, IN 46203, and certain of its affiliated companies, do business."

4

**Pyramid Financial Solutions**

30.     Defendant Pyramid Financial Solutions, LLC is a limited liability company chartered under Indiana law with offices at 3603 E. Raymond Street, Indianapolis, Indiana 46203.  Its registered agent is Scott Sutton at that address.   Sutton is also a manager of the company.  The same Mike Benkert that is CEO of Driver Solutions, LLC is also Chief Executive Officer of Pyramid Financial Solutions, LLC.

31.     Tom Lane is member and manager of defendant Pyramid Financial Solutions, LLC and uses the title "President."  He was formerly an officer of C1.  The Pyramid Financial Solutions, LLC web site states:

> Tom Lane, President
>
> . . . In 2003, Lane joined C1 Truck Driver Training as the director of finance. Here he faced the challenge of extracting more dollars from their student loan portfolio. His efforts were wildly successful and drastically improved the portfolio performance. After the development of a solid collection model, formation of a strong team and implementation of advanced technology, Pyramid Financial Solutions was born. With Lane at the helm as its president, Pyramid began managing debt collections for C1 and other schools and businesses. . . .

(https://www.pyramidfinancialsolutions.com/ourteam.aspx)

32.     Defendant Pyramid Financial Solutions provides collection services, including the use of its corporate counsel to file cases, to defendants Driver Solutions, LLC and C1.  It is a member of ACA International, the debt collection industry trade association.

33.     Defendant Pyramid Financial Solutions is authorized to do business in Illinois and holds a collection agency license from the state of Illinois.

34.     Defendant Pyramid Financial Solutions states on its web site:

> At Pyramid Financial, our ultimate goal is to preserve the valuable and trusting relationship between our clients and their customers. That's why we customize each debt collection campaign to the individual needs of your business. Through our efficient, cost-effective outbound telephone campaigns, we've been able to provide industry-leading results for our clients. In fact, our collection calls have been proven to generate faster, larger, and more numerous payments than the standard written collection notices used by our competitors.
>
> But just because we're a debt collection agency doesn't mean that we fit the mold. We know that a commitment to our clients means a commitment to our client's customers,

5

too. We believe in treating our clients' customers with the respect they deserve and pride ourselves in providing some of the debt collection industry's best customer service. We don't just look to collect debt. We want to help every one of your customers make sense of their financial obligations and make better choices that will benefit them in the future. This may not be the norm for most debt collection companies, but it's the basis of Pyramid Financial Solutions' entire organization.

Pyramid Financial Solutions is a full service receivables management and debt collection agency that got its start over 20 years ago. PFS began in 1987 when our sister company was formed as a truck driver training school on the south side of Indianapolis, Indiana. The need for student loan financing for the school led to the need for a finance department, and from that, the foundation for Pyramid Financial Solutions was laid. Although we have 21 years of experience in the trade school and trucking industries, we have since expanded our operations to benefit clients of all shapes and sizes all across the country.

(https://www.pyramidfinancialsolutions.com/aboutus.aspx)

35.     Pyramid Financial Solutions (through Lowe) regularly collects allegedly defaulted debts originally owed to Driver Solutions, LLC and C1.

36.     Pyramid Financial Solutions uses the mails and telephone system in conducting this business.

37.     Pyramid Financial Solutions is a debt collector as defined in the FDCPA.

38.     On information and belief, based on the overlap of key personnel, Driver Solutions, LLC, C1, and Pyramid Financial Solutions are operated in concert with one another.

**Lowe**

39.     Defendant Garrett J. Lowe ("Lowe") is a collection lawyer with offices at 3603 E. Raymond Street, Indianapolis, Indiana 46203.

40.     Lowe is or was corporate counsel for Pyramid Financial Solutions, LLC.

41.     Lowe regularly collects allegedly defaulted debts originally owed to Driver Solutions, LLC.

42.     Lowe uses the mails and telephone system in conducting this business.

43.     Lowe is a debt collector as defined in the FDCPA.

**Alsip**

44.     Defendant Brian K. Alsip ("Alsip") is a collection lawyer with offices at 3603 E.

6

Raymond Street, Indianapolis, Indiana 46203 and  150 N. Main Street, Franklin, IN  46131.  The

Raymond Street address is used on all court filings connected with Driver Solutions.  The Main

Street address is Alsip's registered address with the Indiana Supreme Court,

https://courtapps.in.gov/rollofattorneys/Search/Detail/a3927beb-13b7-e011-9d34-02215e942453

.

45.     Alsip regularly collects allegedly defaulted debts originally owed to Driver

Solutions, LLC.   On occasion he represents himself to be "corporate attorney" for Driver

Solutions, LLC.

46.     Alsip regularly collects allegedly defaulted debts for Pyramid Financial Solutions

and its clients and is referred hundreds of cases by Pyramid.

47.     Alsip uses the mails and telephone system in conducting this business.

48.     Alsip is a debt collector as defined in the FDCPA.

**FACTS RELATING TO PLAINTIFF GEORGE FELTY, JR.**

49.     On or about Jan. 3, 2013, defendant Driver Solutions, LLC, represented by

defendant Lowe, filed a collection lawsuit in a Township Small Claims Court, located in Marion

County, Indiana, against George Felty, Jr.

50.     On information and belief, Lowe filed the suit in his capacity as corporate counsel

for Pyramid Financial Solutions, LLC.

51.     The lawsuit sought to collect a $745 balance remaining from a debt of $5,995 for

"tuition" and $225 for "drug screen" and "misc" incurred in connection with  a commercial

driver's license (CDL) training course.

52.     The "Detail of Charges" attached to the complaint was prepared on the letterhead

of C1.

53.     The note and agreement attached to the complaint named C1 as payee.

54.     On Jan. 3, 2013, plaintiff George Felty, Jr., resided in Illinois.

55.     On February 27, 2013, a default judgment in the amount of $1,140.00 was entered

against Mr. Felty.

56.     The CDL course had been conducted in Allen County, Indiana, and not in Marion County.

57.     Any contract signed by plaintiff George Felty, Jr., had been signed in Allen County, Indiana, and not in Marion County.

### FACTS RELATING TO PLAINTIFF REGGINALD BUTLER

58.     On or about August 8, 2012, defendant Driver Solutions, LLC, represented by defendant Lowe, filed a collection lawsuit in a Township Small Claims Court, located in Marion County, Indiana, against Regginald Butler.

59.     On information and belief, Lowe filed the suit in his capacity as corporate counsel for Pyramid Financial Solutions, LLC.

60.     The lawsuit sought to collect a balance of $1,729.05 for "tuition," "student housing," and a drug test incurred in connection with a commercial driver's license (CDL) training course."

61.     The "Detail of Charges" was prepared on the letterhead of C1.

62.      The payee on the note and contract attached to the complaint was Driver Solutions, LLC.

63.     On Sept. 12, 2012, a default judgment in the amount of $2,124.05 was entered against Mr. Butler.

64.     On August 8, 2012, plaintiff Regginald Butler resided in Illinois.

65.     Any contract signed by plaintiff had not been signed in Marion County, Indiana.

### FACTS RELATING TO PLAINTIFF MICHAEL FITCH

66.     On or about December 19, 2012, defendant Driver Solutions, LLC, represented by defendant Lowe, filed a collection lawsuit in a Township Small Claims Court, located in Marion County, Indiana, against Michael Fitch.

67.     The lawsuit was filed by Driver Solutions, LLC even though the contract was

8

with C1.

68.     The "Detail of Charges" attached to the complaint was prepared on the letterhead of C1.

69.      The contract and note attached to the complaint named C1 as payee.

70.     On information and belief, Lowe filed the suit in his capacity as corporate counsel for Pyramid Financial Solutions, LLC.

71.     The lawsuit sought to collect a $6,000 balance on an original debt of $6,395 for "tuition" and "student housing" incurred in connection with a commercial driver's license (CDL) training course.

72.     On January 30, 2012, a default judgment in the amount of $6,395.00 was entered against Mr. Fitch.

73.     On December 19, 2012, plaintiff Michael Fitch resided in Illinois.

74.     The CDL course had been conducted in Missouri and the contract had been signed in Missouri.

75.     On April 4, 2013, Driver Solutions, LLC commenced proceedings supplemental against Michael Fitch, seeking to garnish plaintiff's wages from his employer in Libertyville, Illinois.

76.     By commencing proceedings in Indiana, defendants deprived plaintiff of the protection afforded by the more debtor-friendly Illinois wage deduction statutes.

77.     Exemptions from wage garnishment in Indiana are governed by Burns Ind. Code Ann. § 24-4.5-5-105:

> **24-4.5-5-105.  Limitation on garnishment and support withholding -- Fee to compensate employer for making deductions -- Priority of support withholding order.**
>
> **(1) For the purposes of IC 24-4.5-5-101 through IC 24-4.5-5-108:**
>
> **(a) "Disposable earnings" means that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld;**

(b) "Garnishment" means any legal or equitable proceedings through which the earnings of an individual are required to be withheld by a garnishee, by the individual debtor, or by any other person for the payment of a judgment; and

(c) "Support withholding" means that part of the earnings that are withheld from an individual for child support in accordance with the laws of this state.

(2) Except as provided in subsection (8), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment to enforce the payment of one (1) or more judgments against him may not exceed:

(a) *Twenty-five percent (25%) of his disposable earnings for that week*; or

(b) *The amount by which his disposable earnings for that week exceed thirty (30) times the federal minimum hourly wage* prescribed by 29 U.S.C. 206(a)(1) in effect at the time the earnings are payable;

whichever is less. In the case of earnings for a pay period other than a week, the earnings shall be computed upon a multiple of the federal minimum hourly wage equivalent to thirty (30) times the federal minimum hourly wage as prescribed in this section.

(3) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment or support withholding to enforce any order for the support of any person shall not exceed:

(a) Where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), fifty percent (50%) of such individual's disposable earnings for that week; and

(b) Where such individual is not supporting such a spouse or dependent child described in subdivision (a), sixty percent (60%) of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, the fifty percent (50%) specified in subdivision (a) shall be deemed to be fifty-five percent (55%) and the sixty percent (60%) specified in subdivision (b) shall be deemed to be sixty-five percent (65%), if and to the extent that such earnings are subject to garnishment or support withholding to enforce a support order with respect to a period which is prior to the twelve (12) week period which ends with the beginning of such workweek.

(4) No court may make, execute, or enforce an order or process in violation of this section.

(5) An employer who is required to make deductions from an individual's disposable earnings pursuant to a garnishment order or series of orders arising

10

out of the same judgment debt (excluding a judgment for payment of child support) may collect, as a fee to compensate the employer for making these deductions, an amount equal to the greater of twelve dollars ($12) or three percent (3%) of the total amount required to be deducted by the garnishment order or series of orders arising out of the same judgment debt. If the employer chooses to impose a fee, the fee shall be allocated as follows:

(a) One-half (½) of the fee shall be borne by the debtor, and that amount may be deducted by the employer directly from the employee's disposable earnings.

(b) One-half (½) of the fee shall be borne by the creditor, and that amount may be retained by the employer from the amount otherwise due the creditor.

The deductions made under this subsection for a collection fee do not increase the amount of the judgment debt for which the fee is collected for the purpose of calculating or collecting judgment interest. This fee may be collected by an employer only once for each garnishment order or series of orders arising out of the same judgment debt. The employer may collect the entire fee from one (1) or more of the initial deductions from the employee's disposable earnings. Alternatively, the employer may collect the fee ratably over the number of pay periods during which deductions from the employee's disposable earnings are required.

(6) The deduction of the garnishment collection fee under subsection (5)(a) or subsection (7) is not an assignment of wages under IC 22-2-6.

(7) An employer who is required to make a deduction from an individual's disposable earnings in accordance with a judgment for payment of child support may collect a fee of two dollars ($2) each time the employer is required to make the deduction. The fee may be deducted by the employer from the individual's disposable earnings each time the employer makes the deduction for support. If the employer elects to deduct such a fee, the amount to be deducted for the payment of support must be reduced accordingly if necessary to avoid exceeding the maximum amount permitted to be deducted under subsection (3).

(8) A support withholding order takes priority over a garnishment order irrespective of their dates of entry or activation. If a person is subject to a support withholding order and a garnishment order, the garnishment order shall be honored only to the extent that disposable earnings withheld under the support withholding order do not exceed the maximum amount subject to garnishment as computed under subsection (2). (Emphasis added)

78.     Illinois law relating to the enforcement of judgments against wages is more favorable to debtors than Indiana law.  In particular, Illinois has more generous exemptions.

79.     735 ILCS 5/12-803 provides:

11

**Sec. 12-803. Wages subject to collection. The wages, salary, commissions and bonuses subject to collection under a deduction order, for any work week shall be the lesser of (1)** *15% of such gross amount paid for that week* **or (2) the** *amount by which disposable earnings for a week exceed 45 times the Federal Minimum Hourly Wage* **prescribed by Section 206(a)(1) of Title 29 of the United States Code, as amended, or, under a wage deduction summons served on or after January 1, 2006,** *the minimum hourly wage prescribed by Section 4 of the Minimum Wage Law, whichever is greater***, in effect at the time the amounts are payable. This provision (and no other) applies irrespective of the place where the compensation was earned or payable and the State where the employee resides. No amounts required by law to be withheld may be taken from the amount collected by the creditor. The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld.** (Emphasis added)

80.     In addition, to the extent any Indiana exemptions turn on factual determinations, require action by the debtor, or require action or the exercise of discretion by the Court, enforcing a judgment in Indiana instead of where the consumer resides would effectively deprive the consumer of any opportunity to raise such matters.

## FACTS RELATING TO PLAINTIFF JAMES MACNEES

81.     On or about June 18, 2012, defendant Driver Solutions, LLC, represented by defendant Lowe, filed a collection lawsuit in a Township Small Claims Court, located in Marion County, Indiana, against James MacNees.

82.     On information and belief, Lowe filed the suit in his capacity as corporate counsel for Pyramid Financial Solutions, LLC.

83.     The lawsuit sought to collect a $125 remaining balance on a debt originally consisting of $4,995 "tuition" incurred in connection with a commercial driver's license (CDL) training course.

84.     The "Detail of Charges" attached to the complaint was prepared on the letterhead of C1.

85.     The contract and note attached to the complaint named C1 as payee.

86.     On July 25, 2013, a default judgment in the amount of $530.00 was entered against Mr. MacNees.

12

87.    On June 18, 2012, plaintiff James MacNees resided in Beloit, Wisconsin.

88.    The CDL course had been conducted in Arkansas.  The contract had been signed in Arkansas.  Mr. MacNees resided in Arkansas when he signed the contract.

89.    On August 23, 2012, Driver Solutions, LLC commenced proceedings supplemental against Mr. MacNees, seeking to garnish plaintiff's wages.

90.    By commencing proceedings in Indiana, defendants deprived plaintiff of the protection afforded by the more debtor-friendly law of Wisconsin.

91.    Wisconsin law relating to the enforcement of judgments against wages is more favorable to debtors than Indiana law.  In particular, Wisconsin has more generous exemptions.

92.    Wisc. Stats. §812.34 provides:

**Exemption**

**(1) The exemptions provided in this section do not apply if the judgment debt meets one of the following conditions:**

**(a) Was ordered by a court under s. 128.21 or by any court of the United States under 11 USC 1301 to 1330.**

**(b) Is for the support of any person.**

**(c) Is for unpaid taxes.**

**(2)(a) Unless the court grants relief under s. 812.38(2) or par. (b) or (c) applies, 80% of the debtor's disposable earnings are exempt from garnishment under this subchapter.**

**(b) The debtor's earnings are totally exempt from garnishment under this subchapter if:**

**1. The debtor's household income is below the poverty line.**

**2. The debtor receives need-based public assistance, has received such assistance within 6 months prior to service of the earnings garnishment forms upon the garnishee or has been determined eligible to receive need-based assistance although actual receipt of benefits has not commenced.**

**(c) If the garnishment of 20% of the debtor's disposable income under this subchapter would result in the debtor's household income being below the poverty line, the amount of the garnishment is limited to the debtor's household income in excess of the poverty line before the garnishment is in effect.**

13

**(3) The judicial conference shall adopt and make available schedules and worksheets to assist debtors in computing their eligibility for exemption under sub. (2)(b)1. The schedules shall divide the annual poverty line for families of various sizes by 12, rounding to the nearest dollar, and the worksheets shall assist debtors to compute their household incomes. The judicial conference shall develop separate schedules for debtors paid on a weekly, biweekly, semimonthly and monthly basis by dividing the annual poverty line by 52, 26, 24 and 12, respectively, and rounding to the nearest dollar. The judicial conference shall revise those schedules annually to reflect changes in the poverty line. The revised schedules shall take effect July 1 for earnings garnishments or extensions commencing thereafter.**

## FACTS RELATING TO PLAINTIFF SHAUN PHILLIPS

93. On or about April 18, 2012, defendant Driver Solutions, LLC, represented by defendant Alsip, filed a collection lawsuit in a Township Small Claims Court, located in Marion County, Indiana, against Shaun Phillips.

94. The lawsuit sought to collect a $6,000 unpaid balance of a debt in the original amount of $6,395 for "tuition" and "housing" incurred in connection with a commercial driver's license (CDL) training course.

95. The "Detail of Charges" attached to the complaint was prepared on the letterhead of Driver Solutions.

96. Driver Solutions was also the payee named in the note and contract attached to the complaint.

97. On April 18, 2012, plaintiff Shaun Phillips resided in Illinois.

98. The CDL course had been conducted in St. Louis, Missouri. The contract had been signed there as well.

99. A default judgment in the amount of $6,000.00 was entered against Shaun Phillips on May 22, 2012.

100. On September 5, 2012, Driver Solutions, LLC commenced proceedings supplemental against Shaun Phillips in Marion County, Indiana, seeking to garnish plaintiff's wages.

14

## FACTS RELATING TO PLAINTIFF HAROLD DUGGER

101.    On or about December 7, 2012, defendant Driver Solutions, LLC, represented by defendant Lowe, filed a collection lawsuit in a Township Small Claims Court, located in Marion County, Indiana, against Harold Dugger.

102.    The lawsuit sought to collect a $4,640 balance remaining of a $5,395 debt for "tuition" and "student housing" incurred in connection with a  commercial driver's license (CDL) training course.

103.    The course had been conducted by C1, although the lawsuit was filed by Driver Solutions, LLC.

104.    The "Detail of Charges" was prepared on a form bearing the name of C1.

105.    The contract and note attached to the complaint named C1 as payee.

106.    On December 7, 2012, plaintiff Harold Dugger resided in Ohio.

107.    The CDL course had been conducted in Ohio.  The contract had been signed there as well.

108.    A default judgment in the amount of $5,035.00 was entered against Harold Dugger on January 30, 2013.

109.    On March 19, 2013, Driver Solutions, LLC commenced proceedings supplemental against Harold Dugger in Marion County, Indiana, seeking to garnish plaintiff's wages and bank accounts.

## FACTS  – GENERAL

110.    The plaintiff in each collection case filed against a Driver Solutions or C1 student is Driver Solutions, LLC.  The attorneys representing it are Alsip and/or  Lowe.

111.    Both Alsip and Lowe use the same address and telephone number, namely 3603 E. Raymond Street, Indianapolis, Indiana, and 888-855-1646, on their court documents relating to Driver Solutions, LLC.  The address is also that of Driver Solutions, LLC, C1, and C1TDT.

112.    The telephone number 888-855-1646  has a voicemail message that answers calls,

15

"Driver Solutions legal department." However, Alsip and Lowe hold themselves out on pleadings as independent attorneys, not employees of Driver Solutions, LLC or any of the other defendants.

113. Alsip and Lowe adhere to the same practice of suing students in a Township Small Claims Court in Marion County, Indiana, even if they do not reside in Marion County and did not sign any contract in Marion County.

114. On information and belief, based on the facts set forth above, including the commission of identical illegal practices and overlaps in personnel, Alsip, Lowe, Pyramid Financial Solutions, LLC, Driver Solutions, C1 and C1TDT act in concert with respect to such practice.

115. Defendants Driver Solutions, LLC and C1 purport to document the loans as business transactions, using materially identical paperwork.

116. In fact, the debts are for vocational school tuition, and are similar to any other student loans, which are consumer transactions even though the intended result of the education is to equip the student to earn a living in a new trade or business. The cost of training for a new occupation, such as commercial truck driver, in which a person is not presently engaged is not a "business expense." *Holmes v. C.I.R.*, 66 T.C.M. (CCH) 516 (T.C. 1993) ("educational expenditures are nondeductible if they are made for education which is part of a program of study which will lead to qualifying the taxpayer for a new trade or business"). Defendants' course was a basic licensing course intended to qualify the student for a new trade or business, and was advertised as such. The attempted characterization of the debts as business expenses is a sham and a fraud.

117. When students file bankruptcy, Driver Solutions, LLC claims that they are exempt from discharge as student loans. *In re James David Eaves and LuAnn Eaves*, Adversary Proceeding No. 11-04050/ Bankruptcy Case No. 11-40959 (W.D.Ky.).

118. Each loan agreement also purports to provide for venue in Marion County,

16

Indiana.

119.    These provisions are invalid under Indiana law.  Ind. Code § 24-4.5-1-201(9)(c)
provides that a provision fixing venue in a consumer contract is invalid.

120.    Defendants' conduct was negligent, reckless or intentional.

### COUNT I  – FDCPA  – CLASS CLAIM

121.    Plaintiffs incorporate paragraphs 1-120.

122.    This claim is against defendants Alsip, Lowe and Pyramid Financial Solutions.

123.    Defendants' practice of filing cases and taking legal actions in a Township Small
Claims Court against persons who did not live in Marion County when suit was filed and did not
sign a contract in Marion County violates 15 U.S.C. §1692i.

124.    Section 1692i provides:

> **§ 1692i.**       **Legal actions by debt collectors [Section 811 of P.L.]**
>
> **(a) Any debt collector who brings any legal action on a debt against
> any consumer shall--**
>
>> **(1)       in the case of an action to enforce an interest in real property
>> securing the consumer's obligation, bring such action only in a
>> judicial district or similar legal entity in which such real property is
>> located; or**
>>
>> **(2)       in the case of an action not described in paragraph (1), bring
>> such action only in the judicial district or similar legal entity--**
>>
>>> **(A)       in which such consumer signed the contract sued upon;
>>> or**
>>>
>>> **(B)       in which such consumer resides at the commencement
>>> of the action.**
>
> **(b) Nothing in this subchapter shall be construed to authorize the
> bringing of legal actions by debt collectors.**

125.    Defendant Pyramid Financial Solutions, LLC is vicariously liable for the conduct
of defendants Alsip and Lowe.

### CLASS ALLEGATIONS

126.    Plaintiffs  bring this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a)

17

and (b)(3).

127.   The class consists of (a) all natural persons (b) sued by defendants Alsip and/or

Lowe (c) in a court in Marion County, Indiana, (d) when they did not sign the contract on which

the suit is based in Marion County, Indiana and (e) did not reside in Marion County, Indiana

when the suit was filed (f) where either the original action or a proceeding supplemental

(collection proceeding in the nature of a citation to discover assets or garnishment) was filed on

or after April 15, 2012 (one year prior to the filing of this action), and on or before May 5, 2013

(20 days after the filing of this action).

128.   The class members are so numerous that joinder is impracticable.  On information

and belief, based on a search of court records, there are more than 500 members.

129.   There are questions of law and fact common to the class members, which

common questions predominate over any questions that affect only individual class members.

The predominant common question is whether defendants' filing practices violate the FDCPA.

130.   Plaintiffs will fairly and adequately represent the interests of the class members.

Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

131.   A class action is an appropriate means of adjudicating this dispute.   Individual

cases are not economically feasible.

WHEREFORE, plaintiffs  requests that the Court enter judgment in favor of plaintiffs

and the class members and against defendants for:

> (1)   Statutory damages ($1,000 for  plaintiffs  and the lesser of $500,000 or 1%
>        of net worth for the class) against defendant;
>
> (2)   Attorney's fees, litigation expenses and costs of suit;
>
> (3)   Such other or further relief as the Court deems proper.

### COUNT II  – ILLINOIS CONSUMER FRAUD ACT  – CLASS CLAIM

132.   Plaintiffs Felty, Butler, Fitch and Phillips incorporate paragraphs 1-120.

133.   This claim is against defendants Driver Solutions, C1, C1TDT and Pyramid

Financial Solutions.

134.    Defendants' practice of filing cases and taking legal actions in a Township Small Claims Court against persons who did not live in Marion County when suit was filed and did not sign a contract in Marion County is an unfair practice, in violation of 815 ILCS 505/2.

135.    Defendants' practice was carried out in the course of trade and commerce.

136.    Defendants' practice was carried out for the purpose of obtaining money from plaintiffs and others similarly situated.

137.    Defendants Driver Solutions, LLC, C 1 and C1TDT are vicariously liable for the conduct of defendant Pyramid Financial Solutions, LLC.

## CLASS ALLEGATIONS

138.    Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

139.    The class consists of (a) all natural persons (b) sued by Driver Solutions (c) in a court in Marion County, Indiana, (d) when they did not sign the contract on which the suit is based in Marion County, Indiana and (e) resided in Illinois when the suit was filed (f) where either the original action or a proceeding supplemental (collection proceeding in the nature of a citation to discover assets or garnishment) was filed on or after or after April 15, 2010 (three years prior to the filing of this action).

140.    The class members are so numerous that joinder is impracticable.  On information and belief, based on a search of court records, there are more than 150 members.

141.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's filing practices are an unfair practice.

142.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

143.    A class action is an appropriate means of adjudicating this dispute.   Individual

19

cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

(1)     Compensatory damages;

(2)     Punitive damages, to the extent shown by the evidence;

(3)     Injunctive relief requiring all further legal proceedings to be in the county where the student resides or the county where the student signed a contract;

(4)     Attorney's fees, litigation expenses and costs of suit;

(5)     Such other or further relief as the Court deems proper.

## COUNT III  – ABUSE OF PROCESS  – CLASS CLAIM

144.    Plaintiffs incorporate paragraphs 1-120.

145.    This claim is against all defendants.

146.    Defendants engaged in abuse of process by intentionally filing lawsuits in an improper and distant venue for the purpose of obtaining judgments and seizing assets that defendants were not entitled to obtain by lawful means.

147.    Plaintiffs and the class members were damaged by such practice.

148.    Defendants engaged in the practice complained of for the purpose of injuring and taking advantage of consumers.

149.    Defendants Driver Solutions, LLC, C 1 and C1TDT are vicariously liable for the conduct of defendants Pyramid Financial Solutions, LLC, Alsip and Lowe.

150.    Defendant Pyramid Financial Solutions, LLC is vicariously liable for the conduct of defendants Alsip and Lowe.

## CLASS ALLEGATIONS

151.    Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

152.    The class consists of (a) all natural persons (b) who, according to defendants' records, have home addresses (at the time suit was filed) outside of Indiana and did not sign a contract in Marion County, Indiana  (c) who were subjected to legal proceedings by one of the defendants in Marion County, Indiana, (d) where any proceedings occurred on or after April 15, 2011 (2 years prior to the filing of this action).

153.    The class is so numerous that joinder is impracticable. On information and belief, based on a search of court records, there are more than 150 members.

154.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendants' practices are an abuse of process.

155.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

156.    A class action is an appropriate means for adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

(1)    Compensatory damages;

(2)    Punitive damages, to the extent shown by the evidence;

(3)    An injunction against further improper filings, requiring defendants to institute all collection proceedings in the county of the consumer's residence or the county where the consumer signed a contract;

(4)    Costs of suit;

(5)    Such other or further relief as the Court deems proper.

## COUNT IV  – INDIANA DECEPTIVE CONSUMER SALES ACT  – CLASS CLAIM

157.    Plaintiffs incorporate paragraphs 1-120.

158.    This claim is against defendants Driver Solutions, C1, C1TDT, and Pyramid Financial Solutions.

159.    Indiana Code § 24-5-0.5-3 provides:

**Sec. 3. (a) The following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: . . .**

   **(8) That such consumer transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies, or obligations, if the representation is false and if the supplier knows or should reasonably know that the representation is false. . . .**

160.    Defendants violated Indiana Code § 24-5-0.5-3 when they (a) represented that a student loan was a business transaction, and (b) represented that they had rights and remedies, namely the right to file suit in Marion County, Indiana, against persons who neither resided in that county nor signed a contract there, when (c) Indiana Code §24-4.5-1-201(9)(c) provides that a provision fixing venue in a consumer contract is invalid and (d) federal law prohibits such actions. Defendants made a further representation that they had the right to file suit in Marion County, Indiana against persons who neither resided in that county nor signed a contract there each time they actually filed such a lawsuit or commenced a proceeding supplemental there.

161.    Indiana Code §24-5-0.5-4 provides:

**Actions and proceedings; damages; injunctions; civil penalties; offers to cure**

**Sec. 4. (a) A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of:**

   **(1) three (3) times the actual damages of the consumer suffering the loss; or**

   **(2) one thousand dollars ($1,000).**

**Except as provided in subsection (j), the court may award reasonable attorney fees to the party that prevails in an action under this subsection. . . .**

**(d) In an action under subsection (a), (b), or (c), the court may void or limit the application of contracts or clauses resulting from deceptive acts and order restitution to be paid to aggrieved consumers. . . .**

22

162. Indiana Code 24-5-0.5-2(a)(8) defines "Incurable deceptive act" as "a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead."

163. Defendants' practice as described above was done with intent to defraud or mislead, and is willful.

164. Defendants' practice was carried out in the course of trade and commerce.

165. Defendants' practice was carried out for the purpose of obtaining money from plaintiffs and others similarly situated.

166. Defendants Driver Solutions, LLC, C 1 and C1TDT are vicariously liable for the conduct of defendant Pyramid Financial Solutions, LLC.

## CLASS ALLEGATIONS

167. Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

168. The class consists of (a) all natural persons (b) sued by Driver Solutions (c) in a court in Marion County, Indiana, (d) when they did not sign the contract on which the suit is based in Marion County, Indiana and (e) did not reside in Marion County, Indiana when the suit was filed (f) where either the original action or a proceeding supplemental (collection proceeding in the nature of a citation to discover assets or garnishment) was filed on or after or after April 15, 2011 (two years prior to the filing of this action).

169. The class members are so numerous that joinder is impracticable. On information and belief, based on a search of court records, there are more than 500 members.

170. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

   i. Whether defendants misrepresented that their student loans had rights and remedies that they did not have;

   ii. Whether such misrepresentation was made with intent to defraud and

mislead.

171.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

172.    A class action is an appropriate means of adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

   (1)    Compensatory damages;

   (2)    Statutory damages of $1,000 per class member;

   (3)    Injunctive relief requiring all further legal proceedings to be in the county where the student resides or the county where the student signed a contract;

   (4)    Attorney's fees, litigation expenses and costs of suit;

   (5)    Such other or further relief as the Court deems proper.

## COUNT V  – OHIO CONSUMER SALES PRACTICES ACT  – CLASS CLAIM

173.    Plaintiff Dugger incorporates paragraphs 1-120.

174.    This claim is against defendants Driver Solutions, C1, C1TDT and Pyramid Financial Solutions.

175.    Defendants' practice of filing cases and taking legal actions in a Township Small Claims Court against persons who did not live in Marion County when suit was filed and did not sign a contract in Marion County is an unconscionable practice, in violation of Ohio R.C. §1345.02, for which plaintiff is entitled to sue under Ohio R.C. §1345.09.

176.    Defendants' practice is one determined by the Ohio courts to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code, e.g.,  *Celebrezze v. United Research, Inc.*, 19 Ohio App.3d 49, 482 N.E.2d 1260 (1984), and committed after the decisions containing the determination has been made available for public inspection under division (A)(3) of section

24

1345.05 of the Revised Code by the Attorney General of Ohio. See ofif.ag.state.oh.us, which has a category for "distant forum" as a violation.

177.    Defendants' practice was carried out in the course of trade and commerce.

178.    Defendants' practice was carried out for the purpose of obtaining money from plaintiffs and others similarly situated.

179.    Defendants Driver Solutions, LLC, C 1 and C1TDT are vicariously liable for the conduct of defendants Pyramid Financial Solutions, LLC.

## CLASS ALLEGATIONS

180.    Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

181.    The class consists of (a) all natural persons (b) sued by Driver Solutions (c) in a court in Marion County, Indiana, (d) when they did not sign the contract on which the suit is based in Marion County, Indiana and (e) resided in Ohio when the suit was filed (f) where either the original action or a proceeding supplemental (collection proceeding in the nature of a citation to discover assets or garnishment) was filed on or after or after April 15, 2011 (two years prior to the filing of this action).

182.    The class members are so numerous that joinder is impracticable. On information and belief, based on a search of court records, there are more than 150 members.

183.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's filing practices are an unconscionable practice.

184.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

185.    A class action is an appropriate means of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

(1)     Compensatory damages;

(2)     Statutory damages;

(3)     Injunctive relief requiring all further legal proceedings to be in the county where the student resides or the county where the student signed a contract;

(4)     Attorney's fees, litigation expenses and costs of suit;

(5)     Such other or further relief as the Court deems proper.


                                        s/Daniel A.Edelman
                                        Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## JURY DEMAND

Plaintiffs demand trial by jury with respect to all matters so triable.


                                        s/Daniel A. Edelman
                                        Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on August 6, 2013, I caused the foregoing document to be filed via the Courts CM/ECF system, which sent notice via email to the following:

David M. Schultz (dschultz@hinshawlaw.com)
Clifford E. Yuknis (cyucknis@hinshawlaw.com)
Katherine H. Tresley (ktresley@hinshawlaw.com)

I also certify that as soon thereafter as service may be effectuated I caused the foregoing document to be service via US Mail upon the following:

C & S Acquisitions,
C1 Truck Driver Training, LLC,
c/o Scott Sutton, registered agent
3603 E. Raymond Street
Indianapolis, IN 46203

s/Daniel A. Edelman
Daniel A. Edelman