UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE FELTY, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 13 C 2818 |
| | ) | |
| DRIVER SOLUTIONS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants Pyramid Financial Solutions, LLC ("Pyramid"), Driver Solutions, LLC ("Driver"), C&S Acquisition, Inc. d/b/a C1 Professional Training Center ("C1"), C1 Truck Driver Training, LLC ("C1TDT"), Brian K. Alsip ("Alsip"), and Garrett J. Lowe ("Lowe") (collectively "Defendants") to dismiss the putative class action brought by Plaintiffs George Felty, Jr., Regginald Butler, Michael Fitch ("Fitch"), James MacNees, Shaun Phillips, and Harold Dugger ("Dugger") (collectively "Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

**BACKGROUND**

The following well-pleaded allegations are derived from Plaintiffs' second amended complaint, and the Court accepts them as true for the purposes of the instant

motion. Driver and C1, Indiana entities, provide free training to people interested in obtaining a Commercial Driver's License ("CDL"). C1TDT facilitates the CDL training program and helps advertise. Pyramid provides collection services, including the use of its corporate counsel, Lowe, to file cases for Driver and C1 in Marion County Small Claims Court. Alsip is an attorney who has previously been employed by Driver to collect debts.

Before starting the CDL training program, Plaintiffs were required to sign an Installment Business Loan Demand Note (the "Note") and an Enrollment Agreement (the "Agreement") which promised to forgive student debt if students obtained employment as a truck driver for one year. The payee named in the Notes and Agreements alternate between Pyramid and C1. Driver advertises that the employer truck company will cover the tuition costs after a year of employment. However, according to the Agreement, during the first year of a student's employment, a certain amount of money is taken out of his paycheck to secure payment of tuition and kept in a savings account. Once the student is successfully employed for one year, he receives the money back from the savings account. The Agreement states that if a student fails to complete twelve consecutive months of employment, unpaid tuition is payable on demand. If after six days of the program a student voluntarily withdraws or violates a school policy, the pro-rated amount of tuition plus costs is payable on demand.

Each Note and Agreement designates Marion County as the venue for any action or proceeding arising in connection with the training program. Plaintiffs: (i) reside outside of Marion County; (ii) signed the Note and Agreement in locations other than Marion County; and (iii) attended CDL training programs elsewhere.

Plaintiffs enrolled in the CDL training program, but failed to complete the course. Beginning in January 2012, Driver began obtaining default judgments against Plaintiffs in Marion County Small Claims Court for unpaid tuition plus costs. Alsip and Lowe represented Driver in the proceedings using the same address and telephone number as Driver, C1 and C1TDT in court documents. Driver also filed lawsuits against Plaintiffs where C1 was the payee on the Notes. (Fitch and Duggar were sued by Driver, but originally contracted with C1.)

On August 6, 2013 Plaintiffs filed their second amended complaint against Defendants. The complaint alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692i *et seq.* (Count I); and engaged in abuse of process under Illinois state law (Count III). Plaintiffs also allege that Driver, C1, C1TDT and Pyramid violated the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. Ann. 505/2 *et seq.* (Count II); the Indiana Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-3 *et seq.* (Count IV); and the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.02 *et seq.* (Count V). Plaintiffs seek statutory damages, compensatory damages, punitive damages, injunctive relief requiring all further legal

proceedings to be in the county where a plaintiff resides or signed a contract, and attorneys' fees, plus costs and interests.

On August 13, 2013, Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

## DISCUSSION

### I. Judicial Notice

Defendants request that this Court take judicial notice of Exhibits 1-10 attached to the memorandum in support of their motion to dismiss. The exhibits include: (i) Indiana Small Claims Court Rules; (ii) Marion County Small Claims Court documents; and (iii) certain website material. Plaintiffs object.

A court can take judicial notice of matters of public record, such as court records, when ruling on a motion to dismiss, without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Gen. Elec. Capital Corp.*, *v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). This "narrow exception" applies only to "undisputed fact[s] in the public record." *Id*. at 1081; *see also* Fed. R. Evid. 201(b)(2). Additionally, courts may take judicial notice of documents filed in another court "as long as that document is offered to show what was stated to the court rather [than] for the truth of the matter asserted." *Sledge v. Bellwood Sch. Dist. 88,* No. 09-CV-4186, 2010 WL 1579920, at *4 (N.D. Ill. Apr. 20, 2010), *aff'd*, 487 F. Appx. 313 (7th Cir. 2012) (citing *Opoka v. INS*, 94 F.3d 392, 395 (7th Cir. 1996); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (district court properly considered public court documents from prior state court litigation in deciding defendants' motion to dismiss for failure to state a claim). However, judicial

notice "merits the traditional caution it is given, and courts should strictly adhere to the criteria by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec. Capital Corp.*, 128 F.3d at 1081.

For the purposes of the instant motion, the Indiana Small Claims Court Rules can be judicially noticed under the public records exception because they are undisputed procedural guideposts not subject to reasonable dispute. As to the Marion County Small Claims Court documents, Defendants request that this Court take judicial notice of two facts in Exhibits 1-6: (i) the existence of state court litigation prior to the instant proceeding; and (ii) the contents of the court papers. Plaintiffs argue that Defendants requests go beyond the narrow public records exception. This Court understands that judgments of other courts are subject to judicial notice. Therefore, judicial notice will be taken as to the *existence* of state court litigation in Marion County Small Claims Court prior to the current proceeding; however, at this time, this Court declines to take judicial notice of the truth of the statements in Exhibits 1-6 since the content of the papers is in dispute.

With respect to the remaining exhibits, Defendants request this Court take judicial notice of website material to establish that Plaintiffs initiated contact with an Indiana citizen when they registered for the CDL training program. The parties dispute the content and language of the websites. Defendants provide case law supporting their position that courts have judicially noticed websites, but these cases involved governmental websites and issues of agency, none of which directly relates

to the case at bar. Due to the evolving nature of websites, this Court is neither required nor inclined to take judicial notice of any website material at this time. Thus, the Court takes judicial notice of the Indiana Small Claims Court Rules (Exhibit 7) and acknowledges the existence of state court litigation in Marion County Small Claims Court (Exhibits 1-6).

## II. FDCPA Claim

Plaintiffs allege that Pyramid, Alsip and Lowe violated § 1692i of the FDCPA when Defendants filed lawsuits in Marion County Small Claims Court against Plaintiffs who did not consent to being sued in Marion County or live there. Defendants claim that the FDCPA does not apply to Plaintiffs' allegations because the debts from the CDL training program are business debts, not personal debts, and therefore not covered under the FDCPA.

Congress enacted the FDCPA to cease abusive debt collection practices. *See generally* 15 U.S.C. § 1692e. To establish a successful FDCPA claim, a plaintiff must show that: (i) the defendant was a "debt collector"; (ii) there was an attempt to collect a debt; and (iii) the collection practice was abusive or unfair as defined under the FDCPA. *Kang v. Eisenstein*, 962 F. Supp. 112, 114 (N.D. Ill. 1997). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

- 7 -

In the case at bar, Defendants argue that the debt was not "primarily for personal, family or household purposes. . ." as required by 15 U.S.C. § 1692a(5), but rather arose from commercial or business transactions because the debt was derived from a training program, not an educational institution.  Plaintiffs respond by categorizing the debt from the CDL training program as personal educational debt, citing *Smith v. Progressive Fin. Servs., Inc.*, No. 6:12-cv-1704-MC, 2013 WL 3995004 (D. Ore. Aug. 1, 2013).  In *Smith*, the district court held that debt for commercial pilot training was subject to the FDCPA because the plaintiff took out the loan for "the purpose of obtaining flight instruction and regardless of the ultimate purpose of the education, the education itself [was] primarily personal."  *Id*. Defendants counter that a CDL is akin to a business investment.

Construing Plaintiffs' allegations in the light most favorable to them, Plaintiffs have stated a colorable FDCPA claim—whether debt incurred from the CDL training program is business or personal debt is a question of fact.  At this time, the Court declines to delve into the various factual disputes of whether to categorize these debts as educational or business-related.  Issues such as these require evidence that is not properly before the Court at this stage of the pleadings.  Therefore, Defendants' motion to dismiss is denied with respect to Plaintiffs' FDCPA claim.

## III. State Court Claims

Defendants aver that dismissal of all state court claims is appropriate pursuant to the *Rooker-Feldman* doctrine ("*Rooker-Feldman*") and *res judicata*.  Plaintiffs

respond that *Rooker-Feldman* does not apply to the state court claims because Marion County Small Claims Court never had personal jurisdiction over Plaintiffs. However, *Rooker-Feldman* derives in part from recognition of the fact that "a decision by a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." *Homola v. McNamera*, 59 F.3d 647, 650 (7th Cir. 1995).

The *Rooker-Feldman* doctrine applies when a federal plaintiff alleges state and federal claims together. *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir.), *cert. denied*, 133 S. Ct. 176 (2012) (citing *Taylor v. Fed. Nat. Morg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). The doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court. *Manley v. City of Chi.*, 236 F.3d 392, 396 (7th Cir. 2001).

A lower federal court is precluded from entertaining claims that are "inextricably intertwined" with a state court judgment. *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). If a claim is "inextricably intertwined" with a state court decision, the court must then determine whether the plaintiff had a "reasonable opportunity to raise the issue in the state court proceedings." *Taylor*, 374 F.3d at 533. To establish the reasonable opportunity exception, a plaintiff must point to "some factor independent of the actions of the opposing party" that prevents litigants from bringing claims during the state court proceedings. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). If a claim cannot be separated from a prior state court judgment, it can only be appealed through the state court system and then to the

United States Supreme Court. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 607 (7th Cir. 2008).

### A. Abuse of Process Claim

Plaintiffs allege that Defendants committed abuse of process by: (i) intentionally filing lawsuits in an improper venue to successfully obtain judgments; and (ii) unlawfully seizing assets. To establish abuse of process under Illinois law, a plaintiff must establish the existence of: (i) an ulterior purpose for the use of regular court process; and (ii) some act in the use of legal process not proper in the regular prosecution of the proceedings. *Reed v. Doctor's Assocs., Inc.*, 824 N.E.2d 1198, 1206 (Ill. App. Ct. 2005). "Process" does not mean the legal process of suing someone, prosecuting the case, receiving judgment, etc., but instead used in the literal sense of something issued by the court. *Rubloff Dev. Grp., Inc. v. Supervalu, Inc.*, 863 F. Supp. 2d 732, 747 (N.D. Ill. 2012). Therefore, this Court construes Plaintiffs' abuse of process claim as pertaining to the default judgments issued by the Marion County Small Claims Court, not the intentional filing of lawsuits.

This Court agrees with Defendants that *Rooker-Feldman* precludes this claim, which clearly arose from the Marion County default judgments entered against Plaintiffs. By alleging abuse of process, Plaintiffs are requesting that this Court review final judgments of a state court, declare them improper and award damages on that basis. The Court declines to grant such relief. Plaintiffs' prayer for relief did not arise until after the Marion County Small Claims Court's entry of default judgments.

Thus, the relief sought by Plaintiffs (compensatory and punitive damages, injunctive relief and attorneys' fees) would require the review and rejection of the state court judgments, which is exactly what *Rooker-Feldman* intends to prevent.

With respect to the reasonable opportunity exception to *Rooker-Feldman*, Plaintiffs do not allege facts in their complaint showing they lacked a reasonable opportunity to respond to the litigation against them in Marion County. In their response, Plaintiffs provide a report commissioned by the Indiana Supreme Court stating that debt collectors specifically choose Marion County Small Claims Court because it systematically enters default judgments without personal jurisdiction over litigants. However, this report alone is not enough to constitute a barrier that prevented Plaintiffs from exhausting their state court remedies. *See Long*, 182 F.3d at 558 (the proper instance for the reasonable opportunity exception is a case where plaintiff was unable to appeal a state court decision). If Plaintiffs had exhausted their state court remedies, responded to Defendants' default judgments and prevailed, they would not have had an abuse of process claim. Therefore, this claim is so intertwined with the Marion County litigation that separation is not feasible. *Rooker-Feldman* bars this Court from entertaining the abuse of process claim, and it is thus dismissed.

## B. State Court Consumer Protection Statutes

The remaining state court claims allege that Driver, C1, C1TDT and Pyramid violated the Illinois Consumer Fraud Act, the Indiana Deceptive Consumer Sales Act and the Ohio Consumer Sales Practices Act for improperly filing cases and taking

legal action against Plaintiffs in Marion County.  Defendants argue that these claims are also precluded by *Rooker-Feldman*.  Plaintiffs respond by stating that the damages they seek under the state consumer statutes are independent of the default judgments.

Like the abuse of process claim, the state consumer protection violations are inextricably intertwined with the Marion County Small Claims default judgments regardless of the damages Plaintiffs seek.  If Plaintiffs believed that Marion County lacked jurisdiction to enter the default judgments, they could have asserted that argument in state court on appeal.  Plaintiffs' providing a report from the Indiana Supreme Court stating that Marion County is a hub for debt collectors fails to persuade this Court that the reasonable opportunity exception to *Rooker-Feldman* applies.  This report, independent of Defendants' conduct, does not barricade Plaintiffs' ability to contest their default judgments in Marion County or raise these state consumer protection violations in their respective state courts.  Therefore, the remaining state court claims are dismissed under *Rooker-Feldman* for lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied as to Count I and granted as to Counts II-V.

_____

Charles P. Kocoras
United States District Judge

October 30, 2013

Dated: _____

- 12 -